UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BIRLIE SMITH, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:14CV1200 CDP |
| BOEING AEROSPACE OPERATIONS, INC., et al., | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This recently removed asbestos case is before me on my review of the file. Defendant Boeing Company asserts an independent right to removal under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), based on allegations that decedent Ronald Smith, Sr. was exposed to asbestos from military aircraft while employed at Boeing. Defendant's right to removal has not been challenged by a motion a remand, but the time for doing so has not yet expired.

Numerous motions to dismiss to the petition were filed in state court by various defendants. As a first amended petition was filed in state court, these motions are moot and will be denied as such.[1] I have also reviewed the numerous motions to dismiss the amended petition filed in state court by various defendants. These are all bare bones motions, unsupported by any legal memoranda. For the most part, these motions all seek dismissal of part or all of plaintiff's claims for failure to state a claim. In the alternative, many of these motions also seek a more definite statement of the claims against them. I have reviewed plaintiff's complaint in light of

---

[1]The motion to transfer venue to St. Louis County [#21] is also mooted by removal.

the governing federal standards,[2] and I find that plaintiff's complaint adequately states claims against the defendants seeking dismissal. I also find that plaintiff is not required to file a more definite statement of her claims against these defendants, as I do not find the complaint so unintelligible, vague, or ambiguous such that the defendants cannot reasonably frame a response. To the extent other defendants move for summary judgment, the motions are denied without prejudice to being refiled in accordance with federal and local rules after I have set a schedule in this case. I warn all parties, however, that I will not tolerate generic, baseless motion practice designed to delay or to multiply the proceedings, so any motion must accord with Federal Rule of Civil Procedure 11, the local rules of this court, and counsel's attendant ethical obligations to this Court.

---

[2]The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to the test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Id. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Because of "liberal notice pleading and the availability of extensive discovery, motions for a more definite statement are universally disfavored." Tinder v. Lewis Cnty. Nursing Home Dist., 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001) (collecting cases). "A motion under Rule 12(e) is designed to strike at unintelligibility in a pleading rather than want of detail." Patterson v. ABS Consulting, Inc., Case No. 4:08CV697, 2009 WL 248683, at *2 (E.D. Mo. Feb. 2, 2009). The notice pleading standard "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). But when a "pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." Id. at 514.

Finally, defendant Pneumo Abex has filed a motion asking this Court to apply Fed. R. Civ. P. 5(c)(1)(B), which provides that, in cases involving a large number of defendants, "any crossclaim, counterclaim, avoidance, or affirmative defense in those pleadings and replies to them will be treated as denied or avoided by all other parties." Given the number of defendants and the voluminous size of the state court file, I believe it is appropriate to grant this motion.

Accordingly,

**IT IS HEREBY ORDERED** that all pending motions to dismiss the petition [#6-#20] and the motion to transfer venue [#21] are denied as moot.

**IT IS FURTHER ORDERED** that all pending motions to dismiss the amended petition [#33, #37, #38, #39, #40, #41, #42, #49] are denied.

**IT IS FURTHER ORDERED** that all pending motions for summary judgment [#49, #51, #52, #53, #54, #55, #56, #57, #58, #59, #60, #61, #62] are denied without prejudice.

**IT IS FURTHER ORDERED** that the motion for institution of denials under Federal Rule 5(c)(1)(B) [#66] is granted.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of July, 2014.