UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BIRLIE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14CV1200 CDP |
| | ) | |
| BOEING AEROSPACE OPERATIONS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER OF REMAND

This matter is before me on plaintiff's motion to remand the action to state court. [Doc. # 85]. Plaintiff is the heir of decedent Ronald Smith, Sr., whom she alleges died as a result of exposure to asbestos. Plaintiff argues that the removal of the case by defendant Boeing Company on July 2, 2014, was untimely.[1] I agree, so the motion to remand will be granted.

### Background

On March 27, 2013, plaintiff filed a petition in Missouri state court, alleging that during the course of decedent's employment as an assembly worker and inspector at Boeing from 1962-2000, as well as his home remodeling work beginning in the 1950s, decedent was exposed to asbestos fibers manufactured, sold, distributed, supplied, and/or installed by Boeing and numerous other defendants. Plaintiff brings claims of strict liability, negligence, wilful and wanton misconduct, and conspiracy, as well as claims for fraudulent misrepresentation, battery, and negligence against Boeing. Boeing answered the petition on July 12, 2013. [Doc. # 85-2].

---

[1]Plaintiff alternatively argues for remand on the ground that Boeing did not adequately support its basis for federal officer removal under 28 U.S.C. § 1442. Because removal was untimely, I need not—and therefore do not—reach this argument.

In its answer, Boeing pleads the following as its Tenth Affirmative Defense:

> This defendant is immune from liability as a government contractor who manufactured the products and/or the products its premises to which plaintiff claims decedent was exposed pursuant to reasonably precise specifications of the United States government. Furthermore, said products conformed to the specifications of the United States government, and this defendant warned the government about any dangers that were known to this defendant but not by the government. Defendant demands trial by jury.

[Doc. # 85-2 at 13]. This affirmative defense is not asserted "based upon information and belief."

Plaintiff amended her petition on February 27, 2014. [Doc. # 22]. In her amended petition, plaintiff alleges that decedent was employed as a sheet metal worker (not assembly worker) and inspector at Boeing. Boeing answered the first amended petition on March 31, 2014. [Doc. # 48]. Boeing again asserted the following as its Tenth Affirmative Defense:

> This defendant is immune from liability as a government contractor who manufactured the products and/or the products its premises to which plaintiff claims decedent was exposed pursuant to reasonably precise specifications of the United States government. Furthermore, said products conformed to the specifications of the United States government, and this defendant warned the government about any dangers that were known to this defendant but not by the government. Defendant demands trial by jury.

[Doc. # 48 at 14].

This case was set for trial in the Circuit Court of the City of St. Louis, Missouri on September 2, 2014, as a peremptory setting. [Doc. # 85-3]. Plaintiff served discovery requests on Boeing on July 1, 2013, and the responses to those requests were due on July 31, 2013. Boeing refused to respond to the discovery requests, so plaintiff was eventually forced to file a motion to compel on May 13, 2014. That motion was set for hearing in state court on June 16, 2014. Boeing requested the hearing be moved to July 3, 2014. Plaintiff agreed. On July 2,

2014, Boeing removed the case to this Court.

Boeing removed this case based on the federal officer removal statute, 28 U.S.C. § 1442(a), alleging that "this action involves a person (Boeing) who, in relation to the claims being stated against it, acted under the authority, direction, and control of an officer or agency of the United States and who can state a colorable federal law-based defense to those claims." Boeing argues that it filed its Notice of Removal within 30 days of "receiving notice that this case has become removable." Boeing contends that it first received notice of the removability of this action when it deposed one of decedent's former co-workers, Howard Lalk, on June 3 and June 6, 2014. Mr. Lalk testified that decedent worked as a composite inspector and his job duties included supervising the manufacturing processes for composite components of military aircraft.

## Discussion

28 U.S.C. § 1446 governs the procedure for removal of actions to federal court in relevant part as follows:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> * * *
> (b)(3) [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b) and (b)(3). "Federal courts are to resolve all doubts about federal jurisdiction in favor of remand and are strictly to construe legislation permitting removal." Dahl

- 3 -

v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 968 (8th Cir. 2007) (internal quotation marks and citations omitted).[2] Defendant Boeing, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. See In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). "The 30-day limitation in section 1446(b) is meant to deprive the defendant of undeserved tactical advantage and to prevent the delay and waste of resources involved in starting a case over in a second court." Bierman v. Exterior Solutions, Inc., 2008 WL 2761264, *2 (D. Neb. July 11, 2008) (citing Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n, 668 F.2d 962, 965 (7th Cir. 1982)). "[T]he removal clock is triggered when the facts which would make the case removable are established and ascertainable (as opposed to ascertained)." Tabor v. Willey, 2001 WL 34152085, *3 (N.D. Iowa May 3, 2001) (Melloy, J.). "There is, thus, an affirmative burden on the defendant to exercise vigilance since failure to timely recognize a basis for removal may result in loss of that option." Id.[3] In an unpublished decision, the Sixth Circuit Court of Appeals has concluded that the thirty-day period runs "from the date that a defendant has solid and unambiguous information that the case is removable, even if that information is solely within its own possession." Holston v. Carolina

---

[2] Dahl addressed the propriety of removal under the federal officer statute. Id. at 698. To the extent this standard differs from that cited by Boeing and articulated by the Third Circuit Court of Appeals in Sun Buick, Inc. v. Saab Cars USA, Inc., 26 F.3d 1259, 1262 (3d Cir. 1994), I am bound to apply the law of the Eighth, not Third, Circuit Court of Appeals. I find many of the legal principles cited by Boeing from the Third Circuit on this issue out of alignment with Eighth Circuit jurisprudence on federal officer removal and unpersuasive in any event, and I decline to apply them for this reason.

[3] Again, to the extent this standard differs from that set out by the Third Circuit in Foster v. Mutual Fire Marine & Inland Ins. Co., 986 F.2d 48, 53 (3d Cir. 1993), overruled on other grounds, Sikrica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005), I am persuaded by the reasoning of my fellow district judge within the Eighth Circuit and apply it, rather than the Third Circuit's strained reasoning.

Freight Carriers Corp., 936 F.2d 573, 1991 WL 112809, *3 (6th Cir. June 26, 1991).[4]

Here, Boeing asserts a right to removal based upon the government contractor defense set out in Boyle v. United Technologies Corp., 487 U.S. 500 (1988). Assuming without deciding that Boeing's assertion of federal immunity states a valid basis for removal, removal was untimely because Boeing in fact ascertained the federal nature of the claim no later than July of 2013. In its answer to the petition filed on July 13, 2013, Boeing asserted that it was entitled to government contractor immunity from plaintiff's asbestos claims in its Tenth Affirmative Defense. In this defense, Boeing pleads the necessary elements of a colorable federal defense, as well as asserting that plaintiff's claims are based upon conduct it performed under the direction of the United States government, and that there is a causal nexus between plaintiff's asbestos exposure and this conduct. By pleading this affirmative defense, Boeing certified to the state court that the defense was warranted by existing law and that its allegations had evidentiary support. See Mo. R. Civ. P. 55.03(c). These are all the elements necessary to support removal under the federal officer removal statute. See Dahl, 478 F.3d at 970 (notices of removal under federal officer removal statute only need to comply with Rule 11 standard and thus be warranted by existing law). Thus, it is clearly established that Boeing had knowledge of its asserted basis of removal as early as July of 2013, if not sooner, yet it chose not to timely act on that knowledge. In doing so, Boeing lost its right to a federal forum. See McHugh v. Physicians

---

[4] I agree with the Sixth Circuit's reasoning that notice of facts triggering removal under § 1446(b) may come from defendant's own papers, for to hold otherwise would, as recognized by the Holston court, "give a defendant an enormous advantage in the conduct of the litigation." Id. at *3-*4. "A defendant . . . could discover very soon after filing the complaint that the case is removable, yet force the plaintiff to exhaust his resources in state court until it asked the plaintiff the questions that would establish removability in a deposition or interrogatory." Id. at *4.

Health Pan of Greater St. Louis, Inc., 953 F. Supp. 296, 299 (E.D. Mo. 1997). The clock did not begin to tick anew following the deposition of Mr. Lalk. Id. As succinctly stated by the Tabor court, "If the case is removable now, it was removable then." 2001 WL 34152085, at *3. Because this case was not timely removed within 30 days of Boeing filing its government contractor defense, it must be remanded to state court. See Holston, 1991 WL 112809, at *5 (notice of removal untimely because it was not filed within 30 days of defendant amending its answer raising federal preemption as defense); Tabor, 2001 WL 34152085, at *4 (notice of removal untimely because it was not filed within 30 days of defendant filing motion to dismiss based on federal immunity defense).

Boeing urges me to disregard its affirmative defense as simply one of many filed to avoid possible waiver later in the case. In so doing, it relies on two district court cases from the Third Circuit. See Bond v. American Biltrite Co., 2014 WL 657402, (D. Del. Feb. 20, 2014), and Bouchard v. CBS Corp., 2012 WL 1344388 (E.D. Pa. April 17, 2012). I do not find either of these cases persuasive. First, as I have already stated, the Third Circuit's jurisprudence with respect to removal jurisdiction in this area does not align with that of the Eighth Circuit's, which I am bound to follow. Moreover, these cases are distinguishable because there is no indication that the act of filing an affirmative defense certified that the allegations had evidentiary support, unlike here. Boeing did not file a rote, "boilerplate" defense, nor did it in any way limit or qualify its affirmative defense under Missouri Rule of Civil Procedure 55.03(c)(3), which permits a party to specify that allegations and other factual contentions *"are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."* (emphasis supplied). Such a qualification would have protected Boeing's right to assert the

defense later in the case without actually representing that it had evidentiary support for those allegations at the time they were made. Boeing chose not to do this, and it must be bound its admission.

Moreover, any argument that Boeing did not know the case was removable until Mr. Lalk's deposition rings hollow in light of Boeing's repeated refusals to timely respond to plaintiff's discovery requests. Boeing asks this Court to believe that it had no idea what the decedent job was until Mr. Lalk testified about his co-worker's job. Yet the decedent was Boeing's employee, not Mr. Lalk's. Boeing had the information regarding the decedent's employment history, including detailed records showing each time he signed off on a part, and cannot ignore the information it was obligated to produce in an attempt to forestall the deadline for removing a case to federal court. See Tolloty v. Republic Services, Inc., 2012 WL 529881, *5 (N. D. Ohio Feb. 17., 2012) (holding that "a defendant's ignorance of information within its actual knowledge may not forestall the deadline of removing a case to federal court.").

Because the thirty-day removal clock began to run on July 13, 2013, if not sooner, the time to remove this case based on the federal officer removal statute expired long before the removal petition was filed, and the Court lacks subject matter jurisdiction over this case. Accordingly, the motion for remand will be granted.

Boeing seeks leave to file numerous exhibits *ex parte*. However, as these exhibits deal exclusively with the propriety of Boeing's assertion of the government contractor defense -- an issue I did not reach because removal was untimely -- I will deny the motion as moot. Any remaining motions will be denied as moot without prejudice to being refiled in state court. As I lack subject matter jurisdiction over this case, the Court's August 11, 2014, Order to Show Cause

will be vacated, and plaintiff need not respond.  An accompanying Order of Remand is also entered this same date.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for remand [#85] is granted, and this case is remanded to the Circuit Court for the City of St. Louis, Missouri.

**IT IS FURTHER ORDERED** that defendant's motion for leave to file exhibits *ex parte* [#135] is denied as moot.

**IT IS FURTHER ORDERED** that any other pending motions are denied without prejudice to being refiled in state court.

**IT IS FURTHER ORDERED** that the Court's August 11, 2014, Memorandum and Order is vacated.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 19th day of August, 2014.